UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. MUNIC, | Civil Action No. 14-7238 (MCA) |
| Petitioner, | |
| v. | |
| HEME, et al., | MEMORANDUM ORDER |
| Respondents. | |

This matter having been opened to the Court by Petitioner Steven J. Munic's ("Petitioner") motion for declaratory judgment, and it appearing that:

1. On November 10, 2014, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

2. Shortly thereafter, on December 18, 2014, Petitioner filed a motion "in accordance with [Fed. R. Civ. P.] 57 [requesting] that the [C]ourt [ ] order a speedy hearing of a declaratory judgment action."[1] (ECF No. 3.) Through that motion, Petitioner apparently seeks to have his habeas corpus petition treated as a declaratory judgment action pursuant to 28 U.S.C. § 2201 and also seeks "a speedy hearing" pursuant to Fed. R. Civ. P. 57, the rule governing declaratory judgment actions. (*See id.*)

3. Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

---

[1] The Court notes that Petitioner subsequently filed numerous letters and applications with the Court related to the instant habeas proceeding. The Court does not address these additional letters and applications in this Memorandum Order but will address these filings separately in a subsequent order.

1

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal Rule of Civil Procedure 57, which governs declaratory judgment actions, states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate" and permits the Court to order "a speedy hearing of a declaratory judgment action." The Advisory Committee's Note qualifies the Rule, however, by stating that a "declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings." Fed. R. Civ. P. 57 advisory committee's note; *see also Katzenbach v. McClung*, 379 U.S. 294, 296 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided").

4. As recently explained by the United States Court of Appeals for the Third Circuit, habeas corpus proceedings are an example of the type of "special statutory proceedings" under Fed. R. Civ. P. 57:

> To date, "a handful of categories of cases have been recognized as 'special statutory proceedings.'" *N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 166 (2d Cir. 2006). "These include: (i) <u>petitions for habeas corpus and motions to vacate criminal sentences</u>; (ii) proceedings under the Civil Rights Act of 1964; and (iii) certain administrative proceedings." *Id.* (internal citations omitted). "Each of these categories involved procedures and remedies specifically tailored to a limited subset of cases, usually one brought under a particular statute." *Id.*

*Langbord v. U.S. Dept. of the Treasury*, 783 F.3d 441, 457 (3d Cir. 2015) (emphasis added) (holding that special statutory proceeding exception applies to CAFRA).

5. As such, Petitioner is not entitled to have his habeas petition treated as a motion for declaratory relief pursuant to 28 U.S.C. § 2201 or pursuant to Fed. R. Civ. P. 57.

**THEREFORE, IT IS** on this ___7___ day of ___July___, 2015

**ORDERED** that the Petitioner's motion for declaratory judgment is hereby DENIED; and it is further

**ORDERED** that that the Clerk shall serve a copy of this Order upon Petitioner.

_____
Madeline Cox Arleo, District Judge
United States District Court