UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. MUNIC, | Civil Action No. 14-7238 (MCA) |
| Petitioner, | |
| v. | |
| HEME, et al., | MEMORANDUM ORDER |
| Respondents. | |

Petitioner Steven J. Munic, a prisoner incarcerated at South Woods State Prison, is proceeding *pro se* with a habeas petition pursuant to 28 U.S.C. § 2254, and has filed an Amended Petition (ECF No. 27), having been informed of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) and having declared that his Amended Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. (*Id.* at 17.)

Petitioner has filed numerous applications and letters with the Court, many of which appear to attempt to amend his habeas Petition or otherwise add factual information or legal arguments regarding his claims for habeas relief. Such filings do not comply with Rule 2(c) of the Rules Governing Section 2254 Cases, which requires Petitioner to "specify all grounds for relief available to the Petitioner" and "state the facts supporting each ground" in his habeas petition. The Court advises Petitioner that it will not consider these numerous letters and applications as amendments to his habeas petition. Pursuant to the Court's authority under Rule 4 of the Rules Governing Section 2254 Cases, the Court will administratively terminate the action and give Petitioner 45 days to file one all-inclusive habeas petition that includes all of his claims for relief as well as his supporting facts, exhibits, and legal arguments. If Petitioner

chooses not to file one all-inclusive Petition, the Court will reopen the matter and confine its screening analysis to Petitioner's Amended Petition filed with the Court on March 11, 2015. (ECF No. 27).

To the extent Petitioner plans to file a new all-inclusive petition, the Court also notes that Petitioner appears to admit in his Amended Petition that he has not exhausted his state court remedies.[1] A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g., Lambert v. Blackwell*, 387 F.3d 210, 232 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed

---

[1] The Court further notes that Petitioner's prior petition for habeas corpus relief was dismissed without prejudice for failure to exhaust state court remedies. (*See* Civ. Act No. 14-610, ECF No. 40.)

rights." *Caswell v. Ryan*, 953 F.2d 853, 856 (3d Cir. 1992). The petitioner bears the burden of establishing exhaustion of his state court remedies. *Id.*

To be clear, exhaustion requires petitioner to raise his claims <u>before all three levels of the New Jersey state courts, not just before the New Jersey Superior Court and/or the New Jersey Appellate Division</u>. *See Jimenez v. Riordan*, No. 14–4349, 2014 WL 4244226, at *2 (D.N.J. Aug. 26, 2014) ("The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.") (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). In his Amended Petition, however, Petitioner states that he appealed his sentence to the New Jersey Appellate Division but did not petition for certification with the New Jersey Supreme Court. (ECF No. 27, Am. Pet. at 2.) Petitioner further states that his Petition for Post-Conviction Relief ("PCR petition") was denied by the trial court on August 1, 2014, and that his appeal of the trial court's denial of his PCR petition is still pending before the New Jersey Appellate Division, explaining that "[l]egal [b]riefs have not been filed in PCR appeal." (ECF No. 27, Am. Pet. at 6.) As such, his claims appear unexhausted. The Court cautions Petitioner that he must exhaust his claims to all three levels of the New Jersey state courts before presenting them in a habeas petition pursuant to 28 U.S.C. § 2254 or risk dismissal of those claims for failing to exhaust state court remedies.

Accordingly, IT IS on this ___7___ day of ___July___, 2015,

**ORDERED** that Petitioner has forty five (45) days from the date of this Order to submit a single all-inclusive habeas petition that complies with Rule 2 of the Rules Governing Section 2254 Cases. If Petitioner fails to file a single all-inclusive petition, the Court will reopen the

matter and will confine its screening analysis to his Amended Petition filed on March 11, 2015. (*See* ECF No. 27.); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and administratively terminate this case pending Petitioner's new habeas application.[2]

_____
Madeline Cox Arleo, District Judge
United States District Court

---

[2] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ....")